# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MOLLY SCHULTZ-DARBY,**

    *Plaintiff*,

v.　　　　　　　　　　　　　　　　Civil Action No. 2:25-cv-00653
　　　　　　　　　　　　　　　　　　Judge _____

**UNITED STATES OF AMERICA; and**
**NICHOLAS T. GIATRAS,**

    *Defendants*.

## COMPLAINT

NOW COMES the Plaintiff, Molly Schultz-Darby, by and through her undersigned counsel, Todd A. Mount, J. Alexander Meade, and the law firm of Shaffer & Shaffer, PLLC, and for her Complaint against the Defendants hereby states and alleges as follows:

### PARTIES

1.　Plaintiff, Molly Schultz-Darby, is and was at all relevant times a citizen and resident within the Southern District of West Virginia.

2.　Defendant, United States of America (USA), is a sovereign entity named herein pursuant to the Federal Tort Claims Act (FTCA) and oversees the United States Postal Service (USPS), which is responsible for providing postal service in the United States, its insular areas and associated states.

3.　Defendant, Nicholas T. Giatras ("Giatras"), upon information and belief, is and was at all relevant times a citizen and resident within the Southern District of West Virginia.

### JURISDICTION AND VENUE

4.	This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 & 1346(b)(1) as some of the claims in this case are brought against the United States of America ("USA") under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

5.	This Court has personal jurisdiction over Defendant Giatras pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure as this Defendant is subject to the jurisdiction of a court of general jurisdiction in the state where this district court is located.

6.	Venue is appropriate in this Court pursuant to 28 U.S.C. § 1402, because the Plaintiff resides in the Southern District of West Virginia and because the acts or omissions complained of occurred in the Southern District of West Virginia.

7.	Venue is proper as to Defendant Giatras pursuant to 28 U.S. Code § 1391 because all or a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of West Virginia and because Defendant Giatras resides in the Southern District of West Virginia.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.	Plaintiff submitted an Administrative Claim ("SF-Form 95") on April 1, 2025. Claimant counsel was notified telephonically that the April 1, 2025 Claim Form did not constitute a valid claim.  Accordingly, a revised Standard Form 95 was submitted on April 24, 2025. The revised form was complete and contained the required information pursuant to the Federal Tort Claims Act.

9.	The incident made the basis of this claim occurred on February 4, 2025. Thereafter, Plaintiff timely filed her administrative claim as it was filed within two years from the date of the

incident. Six months have passed since Plaintiff filed her administrative claim. The USPS has not taken final agency action.

10. Since more than six months has elapsed since Plaintiff filed her administrative claim and the USPS has failed to take final action, Plaintiff has sufficiently exhausted the administrative process and Plaintiff timely filed this civil action.

## FACTS

11. On or about February 4, 2025, at approximately 5:17 p.m., the Plaintiff was operating her motor vehicle westbound on Interstate 64, Exit Ramp 58A (*a/k/a* Oakwood Road exit), whereupon she came upon stopped traffic and therefore came to a complete stop as well.

12. At about the same time, Carol E. Helm, in the course and scope of her employment as a mail carrier with the United States Postal Service, was operating a postal delivery vehicle immediately behind Plaintiff, also in the same general direction.

13. On information and belief, Helm negligently failed to stop the postal vehicle, proximately causing it to impact into the rear of Plaintiff's vehicle.

14. At about the same date and time as referenced above, Defendant Giatras, who was operating a 2010 GMC Yukon, was travelling directly behind the postal delivery vehicle, in the same general direction.

15. Helm asserts that Defendant Giatras negligently failed to maintain control of his own vehicle, impacting into the rear of the postal delivery truck and thereby causing a three (3) vehicle collision.

16. Defendant Giatras asserts that Helm negligently failed to maintain control of the postal delivery vehicle, impacting into the rear of Plaintiff's vehicle, and that because of Helm's

abrupt stop he could not avoid impacting into the rear of the postal delivery vehicle after the first impact.

17. On information and belief, Helm's actions were negligent, reckless, and careless.

18. Alternatively and / or in addition, on information and belief, Defendant Giatras' actions were negligent and careless.

19. As a direct and proximate result of the wrongful conduct complained of herein, the Plaintiff sustained personal and bodily injuries as well as property damage, including loss of use and annoyance and inconvenience.

20. As a further direct and proximate result of the negligent conduct complained of herein, the Plaintiff has suffered physical and mental pain and suffering, medical and health care expenses, loss of enjoyment of life, loss of income, and other damages.

## COUNT I - FEDERAL TORT CLAIMS ACT
### (Defendant United States of America)

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 20.

22. As alleged above in detail, Ms. Helm was acting within the course and scope of her employment with the United States Postal Service and was negligent or grossly negligent in the operation of the postal delivery vehicle. The United States of America is responsible for the damages suffered by Plaintiff, pursuant to the Federal Tort Claims Act.

23. As a result of the above alleged acts, Plaintiff has suffered both past and future damages in the form of reasonable and necessary medical expenses, loss of wages and benefits and wage-earning capacity, physical pain and suffering, mental anguish and emotional pain and suffering, property damage, loss of use, annoyance and inconvenience, and other nonpecuniary losses.

## COUNT II – NEGLIGENCE
### (Defendant Giatras)

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 23 as if fully set forth herein.

25. Defendant Giatras' negligent acts or omissions proximately caused or contributed to the happening of the above-referenced collision involving Plaintiff's vehicle.

26. As a proximate result of the above alleged acts, Plaintiff has suffered both past and future damages in the form of reasonable and necessary medical expenses, loss of wages and benefits and wage-earning capacity, physical pain and suffering, mental anguish and emotional pain and suffering, property damage, loss of use, annoyance and inconvenience, and other nonpecuniary losses.

## **PRAYER**

WHEREFORE, Plaintiff Molly Schultz-Darby demands judgement on her behalf against the Defendants as follows:

a. Property damage, including loss of use

b. Health care expenses,

c. Pain and suffering,

d. Loss or decrease of the ability to enjoy life,

e. Lost wages, earnings and/or income,

f. Emotional distress and mental anguish,

g. Annoyance and inconvenience,

h. Pre-judgment and post-judgment interest; and

i. Any other relief to which the Plaintiff appears to be entitled or is otherwise authorized by statute or the common law.

|  |  |
|---|---|
| **MOLLY SCHULTZ-DARBY**<br><br>**By Counsel** | */s/ Todd A. Mount*<br>Todd A. Mount (WVSB #6939)<br>J. Alexander Meade (WVSB #13021)<br>Shaffer & Shaffer, PLLC<br>P.O. Box 38<br>Madison, WV 25130-0038<br>Phone: (304) 369-0511<br>Fax: (304) 369-5431<br>Email: tmount@shafferlaw.net<br>Email: ameade@shafferlaw.net |